**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

FILED
U.S. DISTRICT COURT
WD OF NY
MAY 31 2005
AT_____O'C_____M
BY_____
TITLE_____

---

**UNITED STATES OF AMERICA,**

                              **Plaintiff,**                    **04-CR-244S**

**v.**

**MIKHAIL SOLOVEY, a/k/a**
**MICHAEL SOLOVEY, a/k/a**
**ROBERT STEIN,**

                              **Defendant.**

---

### REPORT, RECOMMENDATION AND ORDER

         This case was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear

and report upon dispositive motions.


### PRELIMINARY STATEMENT

         The defendant, Mikhail Solovey ("the defendant"), is charged in a two

count indictment (Docket #1) with having violated 18 U.S.C. §§ 1512(a)(2)(A) and

1512(a)(2)(C).  The defendant has filed a motion to dismiss this indictment on the basis

that it is invalid or defective as a matter of law "because it fails to name the alleged

victim(s) of the offenses charged."  (Docket #30, ¶ 6, p. 2).  Oral argument of the motion

was heard on April 28, 2005 and legal memoranda on behalf of the parties was

submitted in support of their respective legal positions.  (See Docket #s 32 and 33).

## DISCUSSION AND ANALYSIS

Count 1 of the indictment charges the defendant as follows:

Beginning on or about a date unknown but at least from
approximately May 2003 and continuing to at least
September 2004, in the Western District of New York, the
defendant **MIKHAIL SOLOVEY, a/k/a MICHAEL SOLOVEY,
a/k/a ROBERT STEIN**, did unlawfully, willfully and knowingly
threaten to use physical force against persons known to the
Grand Jury with intent to influence delay and prevent the
testimony of a person in an official proceeding.  All in
violation of Title 18, United States Code, Section
1512(a)(2)(A).

Count 2 of the indictment charges the defendant as follows:

Beginning on or about a date unknown but at least from
approximately May 2003 and continuing to at least
September 2004, in the Western District of New York, the
defendant **MIKHAIL SOLOVEY, a/k/a MICHAEL SOLOVEY,
a/k/a ROBERT STEIN**, did unlawfully, willfully and knowingly
threaten to use physical force against persons known to the
Grand Jury with intent to hinder, delay and prevent the
communication of law enforcement officers of the United
States of information relating to the commission and
possible commission of a federal offense.  All in violation of
Title 18, United States Code, Section 1512(a)(2)(C).

In resolving questions concerning the sufficiency of an indictment or

charging document, the United States Supreme Court has provided the following

guidance:

In a number of cases the Court has emphasized two of the
protections which an indictment is intended to guarantee,
reflected by two of the criteria by which the sufficiency of an

2

indictment is to be measured.  These criteria are, first,
whether the indictment "contains the elements of the offense
intended to be charged, 'and sufficiently apprises the
defendant of what he must be prepared to meet,'" and,
secondly, "'in case any other proceedings are taken against
him for a similar offence, whether the record shows with
accuracy to what extent he may plead a former acquittal or
conviction.' Cochran and Sayre v. United States, 157 U.S.
286, 290; Rosen v. United States, 161 U.S. 29, 34." Hagner
v United States, 285 US 427, 431, 76 L ed 861, 865, 52 S Ct
417.  See Potter v United States, 155 US 438, 445, 39 L ed
214, 217, 15 S Ct 144; Bartell v United States, 227 US 427,
431, 57 L ed 583, 585, 33 S Ct 383; Berger v United States,
295 US 78, 82, 79 L ed 1314, 1318, 55 S Ct 629; United
States v Debrow, 346 US 372, 377, 378, 98 L ed 92, 97, 74
S Ct 113.

Russell v. United States, 369 U.S. 749, 763-64 (1962).


Rule 7(c) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.")

expressly states:

(1).  In General.  The indictment or information must be a
plain, concise, and definite written statement of the
**essential** facts constituting the offense charged . . . .
(emphasis added).


Title 18 U.S.C. § 1512(a)(2)(A) states:

Whoever uses physical force or the threat of physical force
against any person, or attempts to do so, with intent to
influence, delay, or prevent the testimony of any person in
an official proceeding . . .


Title 18 U.S.C. § 1512(a)(2)(C) states:

Whoever uses physical force or the threat of physical force
against any person, or attempts to do so, with intent to
hinder, delay, or prevent the communication to a law

3

enforcement officer or judge of the United States of
information relating to the commission or possible
commission of a federal offense . . . .

In deciding the legal issue raised in the defendant's motion to dismiss the

indictment, it is this Court's opinion that the key or operative word in the aforesaid

quoted Rule 7(c) is "essential" and therefore, the primary question to be answered is

whether the "identity of the victim" referred to in both counts of the indictment, *i.e.*,

"persons known to the grand jury" must be considered "essential" in order for the

indictment to be a legally valid indictment.  For the reasons hereinafter set forth, it is

this Court's opinion that since the government knows the identity of the alleged

"victims," *i.e.*, "persons known to the Grand Jury," the government should have

disclosed the identity of those persons in the indictment because their identity is an

"essential fact" necessary to support the charges in Counts 1 and 2.

The time period alleged in each Count is a substantially broad one, to wit,

"from approximately May 2003 and continuing to at least September 2004."

The geographic area in which the alleged threats by the defendant

occurred is likewise substantially broad, to wit, "the Western District of New York,"

which the Court judicially notes consists of seventeen (17) counties.

The crime charged in each count of the indictment is a substantive

offense involving threats "to use physical force against persons known to the Grand

4

Jury with intent to influence delay and prevent the testimony of a person in an official proceeding" (Count I) and "with intent to hinder, delay and prevent the communication to law enforcement officers of the United States of information relating to the commission and possible commission of a federal offense." (Count II) (Docket #1). The nature of each offense charged requires the existence of a victim in order for a crime to have been committed. The identities of the "victims" are at "the very core of criminality." *Russell v. United States, supra* at 764; *United States v. Rizzo*, 373 F. Supp. 204, 207 (S.D.N.Y. 1973); *United States v. Agone*, 302 F. Supp. 1258, 1260 (S.D.N.Y. 1969).

Since both Counts I and II of the indictment allege plural victims located in the Western District of New York, "the class of possible victims has a substantial membership" and therefore, the indictment herein (Docket #1) is "excessively and prejudicially uncertain." *United States v. Agone, supra* at 1260 (citations therein omitted). As the Court of Appeals opined by way of *dictum* and its citation of *United States v. Bennett*, 36 F.R.D. 103, 104 (E.D.S.C. 1964), the government should name the alleged victims, when known, in the indictment containing charges such as those at issue herein. *United States v. Orena*, 32 F.3d 704, 714-15 (2d Cir. 1994). Such requirement prevents the prosecution from feeling "free to fill in this vital missing element – free, in a way, which is constitutionally grave whether or not it is highly probable, to name someone different from the one intended by the grand jury. A prosecutorial power 'to roam at large' in this fashion is not allowable." *United States v.*

*Agone, supra* at 1261 citing *Russell v. United States*, 367 U.S. 749, 768-771 (1962).

> [T]he defendant must be assured that he is defending
> against charges, the essential elements of which were
> determined by the grand jury itself and such elements must
> therefore be alleged in the indictment.  Otherwise, there is
> danger that the prosecution could fill in essential elements of
> the unlawful conduct as the proceedings went along which
> were not before the grand jury and were not passed.

*United States v. Rizzo*, 373 F. Supp 204, 206 (S.D.N.Y. 1973); *Russell v. United States*,

369 U.S. 749, 766 (1962).

In opposing the defendant's motion to dismiss the indictment, the

government cites and relies on *United States v. Kalevas*, 622 F. Supp 1523, 1525-26

(S.D.N.Y. 1985) and argues that the holding of this case establishes that the failure or

refusal to identify the alleged victim in the indictment does not cause the indictment to

be defective thereby warranting its dismissal.  Admittedly, the *Kalevas* decision was

rendered after the decisions in *Rizzo* and *Agone*, both Southern District of New York

decisions.  Nevertheless, I find that the rationale of the courts in *Rizzo* and *Agone* on

this issue of identification of the victim in the indictment was adopted by the Court of

Appeals in its decision in *Orena* which was decided subsequent to *Kalevas* and the

cases cited therein.  This conclusion is further buttressed by the Court of Appeals

citation of *United States v. Bennett, supra*, and the quotation from that case, to wit,

> An indictment should name, as was done here, the persons
> defrauded when they are known by the government.

*United States v. Orena, supra* at 714-15.

6

The Second Circuit Court of Appeals also cites with approval, in *United States v. Walsh*, 194 F.3d 37, 45 (2d Cir. 1999), the decision of the First Circuit Court of Appeals wherein that court ordered the dismissal of an indictment because "the failure to name the victim, under the circumstances, was fatal . . . ." *United States v. Tomasetta*, 429 F.2d 978, 979 (1st Cir. 1970).

In attempting to maintain the validity of the indictment herein and overcome the deficiency claimed by the defendant with respect to it, the government represents that it will "disclose the identity of the victim (sic) sufficiently in advance of trial to permit the defense to adequately prepare for trial." The justification for this approach is the government's claim that there are "legitimate concerns about witness tampering and witness safety." (Docket #32, p. 3).

It is pointed out that in its "Response To Defendant's Motion To Dismiss" (Docket #32, p. 3) the government refers to a victim in the singular and not in the plural sense. However, the indictment (Docket #1) alleges victims in the plural sense, *i.e.,* "persons known to the Grand Jury (emphases added). Whether this is merely a typographical error or otherwise is not known. Nevertheless, this response further buttresses the need to prevent the prosecution from being able "to roam at large - to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal." *Russell v. United States, supra* at 768.

7

The offer of the government to supply this essential information by way of a bill of particulars or other form of disclosure, sometime prior to trial, does not cure the defect in the indictment.

> [I]t is a settled rule that a bill of particulars cannot save an invalid indictment.

*Id.* at 769; *United States v. Walsh*, 194 F.3d 37, 45 (2d Cir. 1999).

## CONCLUSION

Since the indictment (Docket #1) fails to contain an essential fact, *i.e.*, the identity of the victim or victims allegedly threatened, it is defective as a matter of law and cannot be cured by subsequent disclosure of such identity or identities in a bill of particulars or any other form of disclosure. As a result, it is RECOMMENDED that defendant's motion to dismiss the indictment be GRANTED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R.

Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

H. KENNETH SCHROEDER, JR.
United States Magistrate Judge

DATED:      Buffalo, New York
            May 31, 2005

9