UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

MIKHAIL SOLOVEY, a/k/a
MICHAEL SOLOVEY, a/k/a
ROBERT STEIN,

               Defendant.

**ORDER**
04-CR-244S

1.    On September 28, 2004, a federal Grand Jury in the Western District of New York indicted Defendant Michael Solovey on two counts of witness tampering in violation of 18 U.S.C. §§ 1512(a)(2)(A) and 1512(a)(2)(C). This Court referred the case to the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1) on October 4, 2004. After a hearing before Judge Schroeder, Defendant was ordered detained pending trial. Presently before this Court are the Government's Objections to Judge Schroeder's Recommendation to Dismiss the Indictment, Defendant's Motion to Revoke the Detention Order pursuant to 18 U.S.C. § 3145(b), and his Appeal from Judge Schroeder's Decision not to reopen the detention hearing. As Defendant cannot be detained on an invalid or defective indictment, this Court will first address Judge Schroeder's Recommendation to Dismiss the Indictment and the Government's Objections thereto.

2.    As previously noted herein, Defendant is charged by way of Indictment with threatening a witness. In Count I of the Indictment, the Grand Jury charges that:

> Beginning on or about a date unknown but at least from approximately May 2003 and continuing to at least September 2004, in the Western District of New York,

> the Defendant **MIKHAIL SOLOVEY**, a/k/a **MICHAEL SOLOVEY**, a/k/a **ROBERT STEIN**, did unlawfully, willfully and knowingly threaten to use physical force against persons known to the Grand Jury with intent to influence delay and prevent the testimony of a person in an official proceeding.  All in violation of Title 18, United States Code, Section 1512(a)(2)(A).

Count II of the Indictment charges the Defendant as follows:

> Beginning on or about a date unknown but at least from approximately May 2003 and continuing to at least September 2004, in the Western District of New York, the Defendant **MIKHAIL SOLOVEY**, a/k/a **MICHAEL SOLOVEY**, a/k/a **ROBERT STEIN**, did unlawfully, willfully and knowingly threaten to use physical force against persons known to the Grand Jury with intent to hinder, delay and prevent the communication of law enforcement officers of the United States of information relating to the commission and possible commission of a federal offense.  All in violation of Title 18, United States Code, Section 1512(a)(2)(C).

On March 14, 2005, Defendant moved to dismiss the Indictment as insufficient "because it fails to name the alleged victim(s) of the offense charged." (Mot. to Dis., ¶ 6).  After full briefing on the Motion, Judge Schroeder heard oral argument on April 28, 2005, and reserved decision at that time.

   3. On May 31, 2005, Judge Schroeder filed a Report and Recommendation ("R and R") recommending that the Indictment be dismissed.  In relevant part, the R and R sets forth the criteria for measuring the sufficiency of an indictment as articulated by the Supreme Court in Russell v. United States, 369 U.S. 749 (1962).  In Russell, the Court held that it must be determined: (1) whether the indictment "contains the elements of the offense to be charged, and sufficiently apprises the defendant of what he must be

prepared to meet;" and (2) "in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he might plead a former acquittal or conviction." Id. at 763-64.  Further, Judge Schroeder recognized the mandate of Rule 7(c)(1) of the Federal Rules of Criminal Procedure that an "indictment . . . shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED.R.CRIM.P. 7(c)(1).  Applying these standards to the Indictment in this case, Judge Schroeder concluded "that since the government knows the identity of the alleged 'victims,' i.e., 'persons known to the Grand Jury,' the government should have disclosed the identity of those persons in the indictment because their identity is an 'essential fact' necessary to support the charges in Counts I and II." (R and R, p. 4).

In reaching this conclusion, Judge Schroeder noted that: (1) the time period alleged in each count is very broad; (2)  the geographic area in which the alleged threats were made is likewise very broad; (3) the crime charged in each count is a substantive offense, the nature of which requires the existence of a victim in order for a crime to have been committed; and (4) the Indictment alleges plural victims, such that the class of possible victims has a substantial membership. (R and R, pp. 4-5).  Such ambiguity, he concluded, renders the Indictment "excessively and prejudicially uncertain." United States v. Agone, 302 F. Supp. 1258, 1260 (S.D.N.Y. 1969).  Judge Schroeder opined that requiring the Government to set forth in an indictment that charges witness tampering the alleged victims, when known, prevents the prosecution from feeling "free to fill in this vital missing element - free, in a way, which is constitutionally grave whether or not it is highly probable, to name someone different from the one intended by the grand jury," in other words, "to

3

roam at large." <u>Agone</u>, 302 F. Supp. at 1261.  Lastly, Judge Schroeder reasoned that the government's offer to disclose the identity of the victim "sufficiently in advance of trial to permit the defense to adequately prepare," does not cure the defect in the Indictment.  (<u>R and R</u>, pp. 7-8).

4. On June 13, 2005, the Government filed timely Objections to Judge Schroeder's R and R in accordance with 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.3(a)(3).  After full briefing on the Objections, this Court heard oral argument on July 8, 2005, and reserved decision at that time.

5. This Court has conducted a thorough *de novo* review of Judge Schroeder's R and R, the Government's Objections, Defendant's response, and the applicable law. Upon due consideration, this Court adopts, in substantial part, Judge Schroeder's conclusions and recommendation.  Specifically, this Court concludes that the broad time frame and geographical area in which Defendant was alleged to have made these threats, to wit, sometime within 16 months (or beyond) and somewhere within the 17 county-wide Western District of New York, and the failure of the government to identify the alleged victims of the substantive crime of witness tampering, either in the Indictment or through disclosure, render the Indictment fundamentally insufficient and ambiguous.

As further evidence of the Indictment's ambiguity, this Court notes that not only does the Indictment fail to name the alleged victim(s) in both counts, Count I also fails to identify the "official proceeding" in which the victim(s) is or will be testifying.  Title 18 U.S.C. § 1515(a)(1) defines an "official proceeding" as a federal proceeding, whether before a court, a grand jury, Congress, or a government agency.  <u>United States v. Bell</u>,

113 F.3d 1345, 1347 (3d Cir. 1997).  This Court is mindful that 18 U.S.C. § 1512(f)(1) provides that "an official proceeding need not be pending or about to be instituted *at the time of the offense*."  Title 18 U.S.C. § 1512(f)(1).

At the same time, 18 U.S.C. § 1512(a)(2)(A) specifically prohibits a person from threatening physical force against a person with intent to "influence, delay, or prevent the testimony of any person in an official proceeding."  The existence of an "official proceeding" thereby distinguishes a crime punishable under 18 U.S.C. § 1512(a)(2)(A) from one committed in violation of 18 U.S.C. § 1512(a)(2)(C), which prohibits a person from engaging in the same conduct with the intent to "hinder . . . or prevent the communication to a law enforcement officer or Judge of the United States of information relating to the commission or possible commission of a Federal offense. . . ."  18 U.S.C. § 1512(a)(2)(C).

At oral argument on its Objections, the Government indicated that there is no "official proceeding" pending or underway, despite the fact that over nine months have elapsed since Defendant's Indictment.[1]  Rather, the prosecutor noted that "the threats that are alleged to be made by the [D]efendant in this case were broad enough to encompass any official future proceedings."  (Solovey Trans., 7/08/05).[2]  In the view of this Court, the Indictment herein, which charges Defendant with threatening an unidentified person in an

---

[1] At oral argument, the prosecutor confirmed that the case pending against Defendant in the Eastern District of California is not the "official proceeding" referred to in the subject Indictment.  The California case is the only proceeding involving Defendant of which this Court is aware.  (Solovey Trans., 7/08/05).

[2] As of this writing, the transcript of the proceedings on July 8, 2005, are not yet finalized.  As such, this Court cannot provide page numbers.

attempt to influence his or her testimony in a completely theoretical "official proceeding," cannot be valid without more.

Other courts have held that when a defendant is charged with witness tampering, e.g., with obstructing an official proceeding, or influencing a witness' testimony in an official proceeding, the failure to adequately identify the official proceeding renders the indictment deficient. See United States v. Murphy, 762 F.2d 1151, 1155 (1st Cir. 1985) (holding that an indictment which merely parroted the statute in charging defendants with threatening witness on a particular date in an effort to influence his testimony, without identifying the proceeding in which defendants were trying to influence the witness' testimony, did not adequately inform defendants of the charges against them and constituted plain error); see also United States v. Trie, 21 F. Supp. 2d 7 (D.D.C. 1998) (reasoning that the indictment failed to adequately describe the official proceeding that was obstructed and ordering the government to provide a bill of particulars on this issue); see also United States v. Royal Caribbean Cruises, Ltd., 24 F. Supp. 2d 155 (D.P.R. 1997) (mandating that the government notify the defendants of the specific proceeding that was obstructed). In the instant case, it is the overall ambiguity of the Indictment and its failure to set forth any essential facts with sufficient particularity that renders it invalid.

For the foregoing reasons, this Court will adopt Judge Schroeder's R and R with the following reservation. This Court declines to opine whether a bill of particulars disclosing the victim's identity would cure the insufficiency of the Indictment. At this juncture, the government has declined to provide this information through informal discovery, and

Defendant has not formally moved for a bill of particulars.[3]  As such, the only issue before this Court is whether the Indictment, standing alone, contains essential facts necessary to support the charges such that Defendant is sufficiently apprised of what he must be prepared to meet.  For the foregoing reasons, we find that it does not, and that the Indictment must be dismissed.

6.      Having conducted a thorough *de novo* review, this Court finds no legal or factual error in Judge Schroeder's May 31, 2005 R & R.  Accordingly, the Government's Objections are denied and this Court will adopt Judge Schroeder's recommendation to dismiss the Indictment.  Having resolved to dismiss the Indictment, this Court need not address Defendant's Motion to Revoke the Detention Order or his Objections to Judge Schroeder's Decision not to reopen the detention hearing.


IT HEREBY IS ORDERED, that this Court adopts Judge Schroeder's May 31, 2005 Report and Recommendation (Docket No. 35) in substantial part, including the authorities cited and the reasons given therein, consistent with the foregoing decision.


FURTHER, that the Government's Objections (Docket No. 37) are DENIED.

---

[3]      At oral argument, defense counsel indicated that because he has moved to dismiss the Indictment, he did not intend to move this Court for a bill of particulars as part of his defense strategy.  Moreover, Defendant rejected the Government's offer to reveal the identity of the victim at a later time.  As an alternative, the Government offered to supersede the Indictment, but did not indicate how the Indictment could be amended to cure the deficiencies identified therein.  (Solovey Trans., 7/08/05).

FURTHER, that the Defendant's Motion to Dismiss the Indictment (Docket No. 30) is GRANTED.

FURTHER, that Defendant's Motion to Revoke the Detention Order pursuant to 3145(b) and his Objections to Judge Schroeder's February 28, 2005 Decision not to reopen the detention hearing (Docket No. 24) are DENIED as moot.

SO ORDERED.

Dated: July 24, 2005
       Buffalo, New York

                                        /s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                    United States District Judge